The People ex. rel. John S. Morrill, Appellant, *v*. The Board of Supervisors of Queens County, Respondent.

The Board of Supervisors of Queens County, by ordinance, directed the improvement of that part of Jackson avenue within the limits of the town of Newtown, in said county, in a certain manner and at an expense specified, the expense to be assessed in certain proportions upon said town and the towns of Flushing and North Hempstead, and the portion of the avenue so improved to be thereafter maintained and kept in order by those towns. The avenue in question was an existing highway passing through said towns. In proceedings by *certiorari*, instituted by a taxpayer of the town of North Hempstead, *held*, that the Board of Supervisors had power to pass the ordinance.

Under the act of 1869 (Chap. 855, Laws 1869) "to extend the powers of boards of supervisors, except in the counties of New York and Kings," which empowers such a board, with the consent of town officers, to authorize the supervisor of any town to borrow money on the credit of the town, "to build or repair any road or roads, bridge or bridges, in such town, or which shall be partly in such town and partly in an adjoining town," and to prescribe the form of obligation to be given for the loan, and to impose a tax on the town to pay the sum borrowed (§ 1), and authorizes the board "to provide for the use of abandoned turnpike, plank or macadamized roads, within any town, as public highways, and for the improvement of any public highway laid out in pursuance of law, and for the location, erection, repair or purchase of any bridge, except over navigable streams, and for apportioning the expense of any road or bridge upon such towns as may be just, and for the borrowing of money by any town or towns, or by the county, for the purposes aforesaid," (§ 2), a board of supervisors may, on its own motion, under the specified restrictions, provide for these public interests and apportion the expenses upon one or more towns, "as may be just," although the expenditure may be wholly within one town, but on a highway which is common to the several towns.

*It seems* that, so far as practicable, matters specially affecting the public interests of a particular locality should be controlled by the local government, subject to such general regulations as may be necessary for the common good. The legislature, however, unless restrained by constitutional limitations, may resume powers delegated to towns, cities and counties, and assume the direct control of matters pertaining to local government.

While the effect of the provision of the State Constitution (§ 18, art. 3), prohibiting the legislature from passing any local or private bill "laying out, opening, altering, working or discontinuing roads or highways," was to take away the power it theretofore possessed to legislate in such matters, independent of the local authorities, the provision (§ 23, art. 3) authorizing it to enact general laws conferring upon boards of supervisors " such further power of local legislation as, from time to time, it may deem expedient," preserved the power to vest in boards of supervisors within their respective jurisdictions the same powers in respect to laying out, opening and working highways which it could no longer directly exercise. The provisions do not abrogate the pre-existing power, but simply transfer it to the local boards, in case the legislature shall so enact.

(Argued January 29, 1889; decided March 5, 1889.)

APPEAL from order of the General Term of the Supreme Court in the second judicial department, made May 14, 1888, which affirmed the action and determination of the Board of Supervisors of Queens County, in levying an assessment for the improvement of Jackson avenue, brought up for review on *certiorari.* (Reported below, 48 Hun, 324.)

The proceedings were instituted by relator, as a citizen and taxpayer of the town of North Hempstead, in the county of Queens.

Jackson avenue is a public highway in Queens county, extending through the towns of North Hempstead, Flushing and Newtown. On the 10th day of February, 1887, the board of supervisors of said county passed a resolution for the improvement of that portion of the avenue lying in the town of Newtown, the expense not to exceed the sum of $30,000, which was to be assessed upon the towns of Newtown, Flushing and North Hempstead. The improvement and assessment was made in accordance with said resolution.

1889.]    PEOPLE ex rel. MORRILL *v.* SUPERVISORS.    587

Opinion of the Court, per ANDREWS, J.

*Nathaniel C. Moak* for appellant.    The relator pursued the proper practice.    (*Town of Guilford* v. *Supervisors*, 13 N. Y. 143, 147; *People* v. *Wagner*, 7 Lans. 467; *People* v. *Westchester*, 57 Barb. 377.; *People* v. *Supervisors*, 56 N. Y. 249, 252, 253; *Fotherby* v. *Metropolitan*, L. R., 2 C. P. 188; Hastings on Torts, 359; Code of Civ. Pro. §§ 2127, 2128, 2131, 2138, 2140; *People* v. *Hillhouse*, 1 Lans. 87, 89; *People* v. *Dickinson*, 43 Barb. 232; *People* v. *Supervisors*, 25 Hun, 131; Fiero on Special Proceedings, 110; *People* v. *Supervisors of Queens*, 82 N. Y. 276; *People ex rel. Peck* v. *Comrs.*, 106 id. 64, 67; *People ex rel.* v. *McLaughlin*, 10 id. 666; 106 id. 576; *People* v. *Heddon*, 32 Hun, 299, 301.)    The proceeding by the board of supervisors should be reversed.    (Const. art. 3, §§ 18, 23; *People ex rel. Comrs.* v. *Banks*, 67 N. Y. 568, 574, 575; *Smith* v. *Brooklyn*, 101 id. 62; *Day* v. *Day*, 94 id. 152, 157–159; Laws of 1838, chap. 314; Laws of 1848, chap. 164; *The Abbotsford*, 98 U. S. 440, 444; *Barlow* v. *Teal*, 15 Q. B. Div. 404, 405; *Com.* v. *Hartnett*, 3 Gray, 450, 451; Endlich on Stat. § 367.)    The improvement in question comes under the amendment of 1872.    (*People* v. *Brinckerhoff*, 68 N. Y. 259, 263.)    The board of supervisors was not authorized by the acts of the legislature (Chap. 855, Laws of 1869, and chap. 285 of the Laws of 1872) to impose the tax in question on the town of North Hempstead without the consent of its town officers therein named.    (*People* v. *Supervisors*, 18 Hun, 4.)    One town or city cannot be taxed for the improvements made within another town or city, or for indebtedness thus incurred.    (*In re Town of Flatbush*, 60 N. Y. 398, 406, 407.)

*James W. Covert* for respondent.    The action of the respondent was authorized.    (Laws of 1869, chap. 855, § 2.)    There is no constitutional inhibition of an assessment upon North Hempstead for the improvement in question.    (*People ex rel. Murphy* v. *Kelly*, 76 N. Y. 475.

ANDREWS, J.    The general statutory system for laying out, opening and improving highways, contemplates that the

towns, villages and cities in which they are located shall initiate the proceedings for, and bear the burden of, their establishment, construction and maintenance. This plan is in harmony with the general theory of our legislation, that, so far as practicable, matters of administration specially affecting the public interests of a particular locality should be controlled by the local government, subject to such general regulations as may be necessary for the common good. But the legislature, unless restrained by constitutional limitations, may resume powers delegated to localities, and assume the direct control of matters pertaining to local government. This principle was applied in the case of highways, in *People ex rel., etc.,* v. *Flagg* (46 N. Y. 401), which adjudged that it was competent for the legislature, by special act, to authorize and direct the laying out and improvement of highways in certain towns in the county of Westchester, and to provide that the money required to meet the expenses to be incurred should be raised by the sale of town bonds of the respective towns, to be issued as specified in the act. The act under consideration in that case, was passed prior to the adoption of the constitutional amendment in 1874, which, among other cases specified, prohibits the legislature from passing any private or local bill, " laying out, opening, altering, working or discontinuing roads or highways." (§ 18, art. 3.) But section 23 of the same article authorizes the legislature to enact general laws conferring upon boards of supervisors " such further power of local legislation as from time to time it may deem expedient." The effect of the amendment was to take from the legislature the power it theretofore possessed to pass laws laying out, altering or working highways, operating independently of the local authorities, and by their own force, while at the same time it preserved to the legislature the power to vest in boards of supervisors, within their respective jurisdictions, the same powers in respect to laying out, opening and working highways, which the legislature could itself no longer directly exercise. The constitutional amendment did not abrogate the pre-existing power over the subject. It simply

1889.]     People ex rel. Morrill *v.* Supervisors.     589

Opinion of the Court, per Andrews, J.

transferred it to the local boards, in case the legislature should deem it expedient and should so enact.

The board of supervisors of Queens county, by the ordinance and proceedings now under review, directed the improvement of that part of Jackson avenue within the limits of the town of Newtown, in a certain manner specified, at an expense of $30,000, and directed the expense to be assessed upon the three towns of Newtown, Flushing and North Hempstead, in certain proportions, and that the portion of the avenue so directed to be improved should thereafter be maintained and kept in repair by those towns. Jackson avenue was an existing highway, passing through the three towns mentioned, and the town of North Hempstead, of which the relator was a resident and taxpayer, is separated from the town of Newtown by the intervening town of Flushing. The legislature, prior to 1874, might have directed the improvement of Jackson avenue and apportioned the expense between the several towns, as was done by the board of supervisors. Such legislation would have been subject to no constitutional objection. The case of *People ex rel.* v. *Flagg* (*supra*), is, we think, decisive of that question. The power of the legislature was not limited by town lines, nor was its power to distribute a tax for the payment of the expenses of laying out or improving a highway necessarily confined to the precise territory in which the expenditure was made. Towns through which the same highway runs which furnishes access to market may all be interested in its improvement at any point. But, as we have seen, the legislature while now prohibited from enacting a law, laying out, opening or working highways, may, nevertheless, confer the power it before possessed upon boards of supervisors. We have thus far assumed that, since the constitutional amendment of 1874, the legislature could not by special act have authorized the improvement in question. This is denied on the authority of *People ex rel. Commissioners* v. *Banks* (67 N. Y. 568). Such an act would not, it is claimed, be a law for working a highway within the constitutional prohibition. But however this may be, it was competent for the legislature

under the authority given by the twenty-third section, to delegate the power to boards of supervisors. The only question, therefore, we have to consider is whether the legislature has conferred upon the supervisors. of Queens county the power to enact the ordinance in question.

We think this has been done by the second section of chapter 855 of the Laws of 1869, entitled "An act to extend the powers of boards of supervisors, except. in the counties of New York and Kings." The first section of the act empowers boards of supervisors, with the consent of town officers, to authorize the supervisors of any town to borrow money on the credit of such town, "to build or repair any road or roads, or bridge or bridges in such town, or which shall be partly in such town and partly in an adjoining town," and to prescribe the form of obligation to be given for the loan, and to impose a tax on the town to pay the sum borrowed. This section seems to have been enacted to obviate the necessity of applying to the legislature when a larger sum is needed by a town for the building or repairing of roads or bridges than is authorized to be raised under the general statutes relating to highways or bridges. The second section authorizes boards of supervisors "to provide for the use of abandoned turnpike, plank, or macadamized roads, within any town, as public highways; and for the improvement of any public highway laid out in pursuance of law; and for the location, erection, repair, or purchase of any bridge, except over navigable streams, and for apportioning the expense of any road or bridge upon such towns as may be just; and for the borrowing of money by any town or towns, or by the county, for the purposes aforesaid." But the exercise of the powers conferred by the second section is freed from the restriction imposed on proceedings taken under the first section, that the consent of town officers must first be had, and in lieu of such restriction it is provided that the powers conferred by the second section can only be exercised with the assent of two-thirds of all the members elected to the board, and where the ordinance relates to one town or ward only, it shall not become operative unless it receives the

affirmative vote of the supervisors representing such town or ward.

The public interests may require the improvement of a highway in a single town, or one passing through several towns, but involving an expenditure which the particular town or towns would refuse or be indisposed to incur. All the people of the county are interested in the maintenance and improvement of the great thoroughfares of travel within the county. The same may be true in respect of bridges and the restitution of abandoned highways. It was, we think, the obvious intention of the legislature, in conferring the powers granted by the second section of the act of 1869, to permit the board of supervisors, on its own motion, under the restrictions specified, to provide for these public interests, and to apportion the expenses upon one or more towns " as may be just," and this although the expenditure may be wholly within one town, but on a highway which is common to several towns. The only point we can consider is that of the power of the board of supervisors of Queens county to pass the ordinance in question. It received the affirmative vote of the supervisor of Newtown, although that is not probably a material circumstance in this case. We are of opinion that the board of supervisors had power to pass the ordinance. The amendment to the act of 1869, made by chapter 285 of the Laws of 1872, does not affect the question. It was an amendment of the first section, and in no respect changed or qualified the second section.

We think no error was committed below, and the order appealed from should, therefore, be affirmed.

All concur.

Order affirmed.