The People of the State of New York ex rel. John J. Wakeley, Commissioner of Highways of the Town of Webb, Appellant, *v.* Alexander McIntyre, Supervisor of the Town of Webb, Respondent.

1. Constitutional Law — Counties — Implied Powers of Boards of Supervisors. Boards of supervisors, in the exercise of the legislative powers conferred upon them by the Constitution, are not confined in their action to the bare letter of the statute enacted to carry out the constitutional provisions, but may, in the exercise of a sound discretion, act under powers that are fairly to be implied.

2. Delegated Powers of Local Legislation as to Details. Within the limits of the power delegated to boards of supervisors by the legislature, under the authority conferred upon it by the Constitution (Art. 3, § 27) to confer, by general laws, upon the boards of supervisors of the several counties of the state "such further powers of local legislation and administration" as the legislature may deem expedient, each board of supervisors is clothed with the sovereignty of the state, and is authorized to legislate as to all details precisely as the legislature might have done in the premises.

3. Town Highway — Imposition of Conditions upon Construction. In legislating for a town, under the provisions of the County Law (L. 1892, ch. 686, §§ 69, 70) which empower the board of supervisors of each county to authorize a town to borrow money upon its bonds to build highways and to expend it for that purpose, the board has power to impose conditions as to details, for the interest of the taxpayers, not specified in the statute, such as safeguards to the letting of contracts, and provisions that the work shall be prosecuted under competent supervision and the money deposited with the county treasurer, to be paid out only upon the certificate of the engineer; and such conditions, so imposed, are binding upon the town commissioners of highways.

*People ex rel. Wakeley* v. *McIntyre,* 21 App. Div. 633, affirmed.

(Argued December 6, 1897; decided January 11, 1898.)

Appeal from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered October 22, 1897, affirming an order of the Special Term, denying relator's application, as commissioner of highways of the town of Webb, Herkimer county, for a peremptory writ of mandamus compelling the supervisor of the town to issue certain bonds.

The facts, so far as material, are stated in the opinion.

1898.]    People ex rel. Wakeley *v.* McIntyre.    **629**

N. Y. Rep.]              Points of counsel.

*C. D. Adams* for appellant. The portion of the act of the supervisors relied on by the respondent is void, and must be disregarded and stricken out. (62 N. Y. 484; 106 N. Y. 392; 50 Barb. 573; 35 Barb. 408; L. 1892, ch. 686, §§ 13–15, 17, 69; 125 N. Y. 88; 96 N. Y. 294.) The contracts are valid and bind the town. (Town Law, §§ 2, 182; 1 Barb. 584; 33 N. Y. 282; 27 N. Y. 378; 1 Dillon on Mun. Corp. § 449; Boone on Corp. § 289.) This supervisor should be compelled to do his duty by mandamus. (64 N. Y. 53; L. 1869, ch. 856; L. 1874, ch. 260; L. 1892, ch. 686, §§ 69, 70; 96 N. Y. 587; 96 N. Y. 567.) Relator is entitled to the writ. (149 N. Y. 414.) Respondent showed no valid excuse, affirmatively or by way of avoidance, for refusing to perform his official duty. (77 N. Y. 503, 511; 12 Abb. [N. S.] 47; 16 Misc. Rep. 306; 136 N. Y. 343; 73 N. Y. 443; 76 N. Y. 475; 5 Abb. [N. C.] 383; 85 N. Y. 545; 96 N. Y. 567; 63 N. Y. 348.) This is not a case of discretion, but of legal error, and is reviewable on this appeal. (78 N. Y. 68; 2 Johns. Cas. 215; 53 N. Y. 322; 78 N. Y. 56, 61; 104 N. Y. 96; 107 N. Y. 325; *People ex rel.* v. *Kelly,* 76 N. Y. 475; 154 N. Y. 14.) Under section 2070 of the Code of Civil Procedure this motion should have been granted, denied or the alternative writ ordered. (Code Civ. Pro. § 1015; 136 N. Y. 505; 68 Hun, 549.) The Appellate Division has awarded costs in this proceeding, as if it were an appeal from a judgment, instead of an appeal from an order. This is erroneous. (Code Civ. Pro. §§ 2070, 2086, 3240, 3251, 3258; 78 N. Y. 541; *Loomer* v. *Vil. of Dolgeville,* 3 App. Div. 618; 74 Hun, 179; 90 Hun, 253.)

*Charles E. Snyder* for respondent. Mandamus is a discretionary writ. (14 Am. & Eng. Ency. of Law, 97; *People ex rel.* v. *Suprs. of Westchester Co.,* 15 Barb. 607; *People ex rel.* v. *Croton Aqueduct Board,* 49 Barb. 259; *People ex rel.* v. *Ferris,* 76 N. Y. 326; *People ex rel.* v. *Newton,* 126 N. Y. 656; *People ex rel.* v. *Common Council of Syracuse,* 78 N. Y. 56; *People ex rel.* v. *Chapin,* 104 N. Y. 96; Merrill on Man-

630 . People ex rel. Wakeley *v.* McIntyre. [Jan.,

Opinion of the Court, per Bartlett, J. [Vol. 154.

damus, §§ 62, 68, 71, 72 ; *People ex rel.* v. *Mayor, etc.*, 149 N. Y. 215 ; *People ex rel.* v. *Bd. of Canvassers*, 129 N. Y. 360.) The board of supervisors of Herkimer county have authority to legislate concerning this highway. (Const. N. Y. art. 3, § 27 ; *People ex rel.* v. *Bd.. Suprs. Queens Co.*, 112 N. Y. 585 ; *Rathbone* v. *Wirth*, 150 N. Y. 459 ; L. 1892, ch. 686, §§ 69, 70.) Assuming the conditions attached to the authorization by the board of supervisors of Herkimer county as claimed by the relator to be illegal, he is not entitled to a mandamus. (*Rathbone* v. *Wirth*, 150 N. Y. 477 ; Cooley on Const. Lim. 178 ; *People ex rel.* v. *Kenney*, 96 N. Y. 294 ; 18 Hun, 116 ; *Falconer* v. *B. & J. R. R. Co.*, 69 N. Y. 491.) The conditions attached to the authorization by the board of supervisors of Herkimer county are legal and valid. (*Smith* v. *Levinus*, 8 N. Y. 472 ; *Rogers* v. *Jones*, 1 Wend. 237 ; *State* v. *Welch*, 36 Conn. 215 ; *Roberts* v. *Bd. of Suprs. Kings Co.*, 3 App. Div. 366 ; *Matter of Church*, 92 N. Y. 1 ; *Hubbard* v. *Sadler*, 104 N. Y. 223 ; Dillon on Mun. Corp. § 309 ; L. 1892, ch. 686, §§ 69, 70 ; L. 1875, ch. 482 ; Const. N. Y. art. 7, § 9.)

Bartlett, J. The authorities of the town of Webb, Herkimer county, about December, 1896, laid out a highway from Eagle bay, on Fourth lake, down the north side of the Fulton chain of lakes to Old Forge or some other point. Thereupon a petition was presented to the board of supervisors of Herkimer county to authorize the town to proceed with this work, which was accompanied by a proposed form of act.

The board referred the matter to the judiciary committee, who reported that it was inexpedient to pass the proposed act in the form submitted.

An act was passed later containing certain conditions calculated to protect the town in the prosecution of the work, which were substantially as follows : That no bonds were to be sold until after the contract or contracts for building the road should have been entered into so as to determine the amount necessary to be raised ; that public notice for the sub-

mission of bids should be published and the contract awarded to the lowest responsible bidder furnishing security; that the work was to be prosecuted under the supervision of a civil engineer named and all moneys paid out upon his certificate; that the moneys realized upon the bonds were to be deposited with the treasurer of Herkimer county and be paid to the contractor by a draft of the commissioner of highways, accompanied by a certificate of the engineer.

Thereafter the relator advertised for bids, received a number varying in price per mile for the work to be performed, and, after consideration, rejected them all.

Subsequently he entered into contracts with two firms of contractors at a price per mile considerably in excess of the lowest bid so rejected.

The relator now seeks to compel the supervisor of the town to issue bonds and raise money by sale of the same to pay for the prosecution of the work in building this road.

The application is resisted on the ground that the relator's relations with the contractors, and his conduct generally in the premises, warranted the court, in the exercise of a sound discretion, refusing the writ, and, further, that there had been no compliance by the relator with the conditions contained in the act of the board of supervisors authorizing the construction of the road.

The Special Term denied the writ, with leave to the relator within ten days to go to a reference and take proof as to all the matters and things alleged in the opposing affidavits, the referee to report the testimony to the court, with his opinion upon all the questions of fact and of law.

The relator failed to avail himself of this privilege, and appealed to the Appellate Division, where the order of the Special Term was affirmed, without opinion.

The affidavits submitted in opposition to the issuing of the writ contain an attack upon the good faith and character of the relator, but we do not deem it necessary to pass upon these questions of fact.

The principal point upon which this appeal turns is whether

the board of supervisors, in the exercise of those legislative
powers conferred upon it by the Constitution, is confined in
its action to the bare letter of the statute enacted to carry out
the constitutional provision, or may it, in the exercise of a
sound discretion, act under powers that are fairly to be
implied ?

The County Law (Laws of 1892, ch. 686) provides (§§ 69
and 70) that the board may authorize a town to borrow money
upon its bonds to build highways and to expend it for that
purpose.

The position of the relator is that, as the County Law does
not confer in express terms the power upon the board of super-
visors to enact the conditions found in the act under consid-
eration, such provisions are necessarily void, and the act must
be considered as valid only with the objectionable clauses
stricken out.

The Constitution provides (Art. 3, § 27) that the legislature
shall by general laws confer upon the boards of supervisors of
the several counties of the state such further powers of local
legislation and administration as the legislature may from time
to time deem expedient.

Within the limits of this delegated power, the board of
supervisors is clothed with the sovereignty of the state, and is
authorized to legislate as to all details precisely as the legisla-
ture might have done in the premises.

The evident intent of the framers of the Constitution in
permitting the legislature to delegate certain of its powers to
the local boards was to carry out a public policy which assumes
that the interests of a particular locality are best subserved by
those who are familiar with its affairs.

It would be quite impossible for a board of supervisors to
properly legislate in regard to local affairs, if it were not at
liberty to resort to those implied powers, within the limits of
its jurisdiction, vested in the legislature of the state.

The various conditions imposed upon the construction of
this particular road were in the interests of the taxpayers and
clearly within the power of the board to enact.

It was most judicious to throw about the letting of the contracts certain safeguards and to provide that the work was to be prosecuted under competent supervision and the money realized upon the sale of the bonds deposited with the fiscal officer of the county to be paid out only upon the certificate of the engineer.

It appears by this record that the relator refused to be bound by some of these conditions in the act, being of the opinion that they were void and did not bind him.

It follows that the court below properly denied the peremptory writ on this ground alone.

We do not wish to be understood, in declining to examine the questions of fact presented by the papers bearing on relator's character, as expressing an opinion one way or the other.

It must be conceded that if the allegations of the opposing affidavits were found to be true the court was justified in the exercise of a sound discretion in refusing the writ, but it has seemed to us that in justice to the relator the decision of this appeal should rest on the ground already stated, rather than to try an important question of fact upon affidavits containing some allegations purely hearsay in character.

It follows that the court below properly denied the peremptory writ.

The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.