(28 App. Div. 521.)

BOARD OF SUP'RS OF QUEENS COUNTY v. PHIPPS.

(Supreme Court, Appellate Division, Second Department. April 26, 1898.)

HIGHWAYS—INPROVEMENTS—TRANSFER OF FUNDS.

In 1897 the supervisors of Queens county passed two resolutions providing, respectively, for separate issues of bonds, one for improvement of one county road, and the other for the construction and improvement of another county road, the moneys received therefrom to be kept as distinct funds. One of the roads was completed for a sum less than was thus provided, while the sum provided for the other proved inadequate; and in January, 1898, the supervisors transferred part of the surplus of one fund to make up the deficiency in the other. *Held,* that this course was authorized, under "Highway Law," §§ 54, 56, 57, notwithstanding that by the Greater New York charter (Laws 1897, c 378, § 1508) the supervisors, from January 1, 1898, were deprived of power to issue bonds binding any property within the city.

Submission of controversy on agreed statement of facts between board of supervisors of Queens county and Charles L. Phipps, county treasurer of Queens county. Judgment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Townsend Scudder, for plaintiff.
George W. Davison, for defendant.

CULLEN, J. In the year 1897 the board of supervisors of Queens county passed two resolutions, by the first of which it directed the issue and sale of bonds to the amount of $60,000 for the purpose of improving a county road known as the "Newtown and Flushing Road"; and by the second it directed the issue and sale of bonds in the amount of $340,000 for the construction and improvement of another county road, known as the "Brooklyn and Jamaica Road." Each resolution provided that the money received from the bonds authorized thereby should be kept as a separate and distinct fund in payment of the indebtedness of the county, incurred on the road mentioned in the resolution. The Brooklyn and Jamaica Road was completed at an expense within the amount provided for that purpose, leaving a surplus on hand not required for the improvement. The amount provided for the Newtown and

Flushing Road proved inadequate for that improvement. In January, 1898, the board of supervisors passed a resolution transferring $15,000 from the Brooklyn and Jamaica fund to the Newtown and Flushing fund, and directing the county treasurer to pay out of that sum the expenses incurred in the improvement of the latter road. The defendant contends that the board of supervisors had no power to authorize such transfer or payment; and that is the only question presented by the submission.

By section 54 of the highway law, the board of supervisors is authorized to adopt the county road system, and to designate as county roads the leading market roads in the county. By section 56 it is provided that the expense of improving, repairing, and maintaining the county roads shall be a county charge, and that in counties of a certain character (in which class Queens county falls) the expense of constructing, improving, maintaining, and repairing such roads shall be apportioned by the board of supervisors of the county upon the various towns and cities within its limits, as the board may deem just. The money necessary for that purpose, or to pay the principal and interest of any bonds issued therefor, is to be levied and collected in the same manner as other county charges. By section 57, the board of supervisors is authorized to borrow money from time to time for the construction, maintenance, and repair of the county roads, and issue bonds or other evidences of indebtedness of the county therefor. The authority for the original issue of these bonds is not challenged. The bonds issued are the obligations of the county at large, and any money received from the issue of such obligations became the property of the county. This being so, the board of supervisors, unless restrained by statute, had the power to apply the money to the satisfaction of any county charge, or to any county work which it was authorized to undertake. People v. Baker, 29 Barb. 81. The case is plainly distinguishable from that of many cities which by their charters are authorized to raise special funds for particular objects, and forbidden, either expressly or by implication, to use those funds for other purposes. The decisions in Priet v. Reis, 93 Cal. 85, 28 Pac. 798, and City of Bonham v. Taylor (Tex. Sup.) 16 S. W. 555, apply only to cases of the latter class. The only provision of the statute which can be construed as a restriction is found in section 56:

"The board of supervisors shall designate the amount of money to be expended upon each county road, and may make rules and regulations for the government of the county engineer and regulating the expenditure of such money." Laws 1895, c. 375.

We think such a construction unwarranted. The sole object of this provision was that the board of supervisors itself should make the allowance for each road, so that the apportionment should not be left to its subordinates who might be in actual charge of the improvement. The power, too, is continuous; and there is nothing in the statute which prohibits the board of supervisors from at any time modifying or repealing its previous action. No good purpose could possibly be subserved by retaining the surplus

that has arisen on the improvement of the Jamaica Road, in the county treasury, after every charge against the fund has been satisfied, nor by investing it to await the maturity of the bonds, subject to all the hazards that attend investments, especially in case of public moneys. Nor do we think it any objection to the transfer of these moneys that by the Greater New York charter (section 1508, c. 378, Laws 1897) the board of supervisors of the county of Queens, from the 1st day of January, 1898, is deprived of any power to issue bonds or obligations which shall bind or render liable the property in any part of the county included within the city. The money has already been raised by obligations of the whole county, which are charges both on the property lying within the city of New York and on that lying without the city. There is no injustice in using that money for any county purpose. In fact, both these roads fall within the territorial limits of the new city.

There should be judgment for the plaintiff on submitted case. All concur.

