THE BOARD OF SUPERVISORS OF QUEENS COUNTY, Plaintiff, *v.* CHARLES L. PHIPPS, as County Treasurer of Queens County, Defendant.

*Supervisors of Queens county — power of, to appropriate the balance of a fund, raised for the improvement of a road, to the construction of a jail.*

Where the proceeds of bonds issued by the board of supervisors of the county of Queens, pursuant to a resolution adopted in November, 1897, to pay for the cost of construction of a jail in said county, prove insufficient for that purpose, the board has power to appropriate, by a resolution adopted in September, 1898, to the payment of the amount due for the construction of the jail, the unused balance of a fund for the improvement of the Brooklyn and Jamaica road still remaining to the credit of the town of Jamaica.

The power conferred on the board of supervisors by section 59a of the Highway Law (Chap. 568, Laws of 1890), as amended by chapter 641 of the Laws of 1898, authorizing the supervisors of the county, in their discretion, to apply the balance of the fund in question, or any part thereof, to the construction and improvement of other roads in the county road system, or to their maintenance, or to the payment of interest or principal, or both, of the bonds producing the fund, is discretionary, and such permission does not deprive the board of the power to appropriate the fund to purposes other than those mentioned in the act.

Such a resolution is not rendered invalid by section 1588 of the Greater New York charter (Laws of 1897, chap. 378), prohibiting the board of supervisors from issuing any bond, obligation or other evidence of indebtedness which shall be binding upon the property or inhabitants of that part of the county included within the city of New York as constituted by that act, as the resolution does not assume to create any indebtedness, but simply seeks to use the property of the county in the discharge of an indebtedness which is a proper county charge.

SUBMISSION of a controversy upon an agreed statement of facts, pursuant to section 1279 of the Code of Civil Procedure.

*Townsend Scudder* and *Isaac P. Coale*, for the plaintiff.

*William J. Youngs*, for the defendant.

HATCH, J.:

The question presented by this submission is one of power. Authority in the board of supervisors of Queens county to pass the resolution authorizing an issue of bonds for the construction and

improvement of the Brooklyn and Jamaica road, and other roads in said county, has heretofore been upheld in this court. (*Ghiglione* v. *Marsh*, 23 App. Div. 61; *Weil* v. *Bermel*, Id. 624.) The authority of such board to adopt a resolution authorizing the appropriation of a balance unused, the proceeds of bonds sold to create a fund for such improvement, after the improvement was made, to the construction and improvement of other roads in the county where the appropriation was insufficient for the purpose, was upheld as a valid exercise of power. (*Board of Supervisors* v. *Phipps*, 28 App. Div. 521.)

The present question arises upon a somewhat different state of facts, but, as we view it, involves the exercise of no other or different power than was supported in the case last cited.

In November, 1897, the board of supervisors of the county of Queens adopted a resolution authorizing the issue of bonds of the county to the amount of $120,000 to pay for the cost of construction of a jail house in said county. Such bonds were issued and sold, and the construction of said jail house has been proceeded with. The cost of this improvement will exceed the sum of the proceeds of said bonds in about the amount of $60,000. It is not contended but that the board of supervisors had authority to erect the jail, and to issue the bonds of the county in payment for its construction, at the time when the resolution authorizing its construction was adopted. Such authority having been devolved upon the board by the Legislature, no question can arise as to the validity of its exercise. (*People ex rel. Morrill* v. *Supervisors*, 112 N. Y. 585; *People ex rel. Wakeley* v. *McIntyre*, 154 id. 628.) On the 20th day of September, 1898, the said board of supervisors adopted a resolution appropriating the balance, amounting to $16,669.14, of the said fund for the improvement of the Brooklyn and Jamaica road, still remaining to the credit of the town of Jamaica, to the payment of the amount due the contractor engaged in the construction of said jail. The question, therefore, presented in this submission raises the question of power in the board of supervisors to appropriate this sum for this purpose. It is not disputed, at least it could not be successfully, but that the cost of the erection of the jail is a liability against the county of Queens for the excess over the proceeds of the bonds issued to pay for its construction. The question, therefore, seems to

resolve itself into this inquiry : Can the board of supervisors author-
ize the appropriation of money belonging to the county for the pay-
ment of its debt ?   We see no reason for denying to the board of
supervisors such power.   In *Board of Supervisors* v. *Phipps*
(*supra*) this court, through Mr. Justice CULLEN, said : " The author-
ity for the original issue of these bonds is not challenged.  The bonds
issued are the obligations of the county at large, and any money
received from the issue of such obligations became the property of
the county.    This being so, the board of supervisors, unless restrained
by statute, had the power to apply the money to the satisfaction of
any county charge or to any county work which it was authorized
to undertake."   As we have already seen, the board of supervisors
had power to authorize the construction of the jail, and incur an
indebtedness therefor.  In the incurring of such indebtedness it is not
claimed that it was limited in amount to the proceeds of the sale of
the bonds issued for the cost of its construction.   Its cost might be
limited to that sum, or be less, or more ; but the indebtedness incurred,
whether represented by the bonds or whether it be general in char-
acter, became an indebtedness of the county.   The fund which is the
subject of this controversy was the money of the county.   The purpose
for which the fund, of which this is a part, was created had been fully
accomplished.   The improvement was made, and no more money
was necessary for that purpose.   Consequently the money was the
money of the county ; and, as the purpose for which it had been
raised had been accomplished and the balance left, the rule which
finds application to special funds and particular objects and forbids
appropriation for any other purpose, either expressly or by implica-
tion, has no application, as in the present case it could not be
applied to the purpose for which it was created, that purpose having
been accomplished.   This, as it appears to us, leaves the bare ques-
tion, untramelled by other considerations, as to whether money, the
property of the county and in its hands, can be used for the pay-
ment of its obligations created in accordance with law.   We think
the question must be answered in the affirmative.

It is suggested that, as the bonds which produce the fund, both as
to principal and interest, are a charge upon the town of Jamaica,
therefore, it is inequitable to appropriate such money for the pay-
ment of obligations charged upon the entire property of the county.

We regard this suggestion as outside the present controversy, as the question presented is one of power and not an adjustment of equities between the towns composing the county. It may be that the town of Jamaica will have an equitable claim to be credited for the amount thus appropriated, when the taxes are spread to pay the remaining cost of this building or for other county charges; and it may be that such town will have the legal right to insist upon such credit, as otherwise an assessment for county obligations would be unequal. This question, however, may be disposed of when it is presented; it may be safely left to adjustment by the proper authorities, who will undoubtedly recognize such equity as it clearly exists. By chapter 641 of the Laws of 1898 section 59a was added to the Highway Law (Laws of 1890, chap. 568), authorizing the board of supervisors of the county in their discretion to apply the balance of said fund or any part thereof to the construction and improvement of other roads in the county road system or to their maintenance, or to the payment of interest or principal, or both, of said bonds. It is suggested, in view of this amendment, that said fund cannot be appropriated to any other purpose than such as is mentioned in the act. We do not think that this claim can be sustained. The exercise of the power vested in the board of supervisors rests in their discretion. They may or they may not appropriate for these purposes. No command is laid upon them so to do. There are no words of limitation contained in the amendment, and the board was left with the same power which it possessed prior to its passage. Such is the necessary effect of our former decision in *Board of Supervisors* v. *Phipps* (*supra*), so that the board is left to appropriate this money for any proper county purpose which it might have done prior to this amendment.

It is further suggested that, as chapter 378 of the Laws of 1897, section 1588, known as the Greater New York charter, prohibited the board of supervisors from issuing any bond, obligation or other evidence of indebtedness which should be binding upon the property or inhabitants of that part of the county included within the city of New York as constituted by the act, therefore it cannot appropriate this money in payment of the cost of construction of the jail. There is nothing in this act which prohibits the county

from paying its debts. The resolution which is attacked does not assume to create any indebtedness of any character, either bonded or otherwise, upon any property contained in the present limits of the Greater New York or outside of it. It simply seeks to use the money which is its property and on hand in discharge of an indebtedness which is a proper county charge. The fact that bonds were originally issued to pay for the construction of the jail prior to the passage of the Greater New York charter, can in no wise affect this question. As the debt exists, we see no reason why the county, through its constituted authority, may not apply its own money in discharge of its debt.

Judgment is, therefore, awarded for the plaintiff, under the submission, without costs.

All concurred.

Judgment for plaintiff on agreed statement of facts, without costs.