BOARD OF SUP'RS OF QUEENS COUNTY v. PHIPPS, County Treasurer.

(Supreme Court, Appellate Division, Second Department. December 14, 1898.)

1. COUNTY SUPERVISORS—AUTHORITY—UNUSED ROAD FUND—APPROPRIATION.

     County supervisors may appropriate to the payment of a debt for constructing a county jail a balance of a road fund not needed in making the improvements for which it was created, though the fund was obtained by a sale of bonds for which a particular town is chargeable.

2. SAME.

     Laws 1898, c. 641, amending Highway Law, § 59a, so as to authorize county commissioners to apply a balance of a fund not needed to improve a road for which the fund was created to the improvement of a different road, does not preclude the commissioners from appropriating such a balance to pay a debt for constructing a jail.

3. SAME.
    Greater New York Charter (Laws 1897, c. 378, § 1588), prohibiting the
    supervisors of Queens county from issuing evidences of indebtedness that
    shall be binding on property in New York City, does not preclude the super-
    visors from appropriating an unused balance of a road fund, obtained by
    the sale of bonds for the payment of which a particular town is chargeable,
    to the payment of a sum due for building a county jail, in excess of the
    proceeds of the sale of bonds issued for that purpose prior to the granting
    of the charter.

Action by the board of supervisors of Queens county against Charles
L. Phipps, as county treasurer of Queens county. The controversy
was submitted, under Code Civ. Proc. § 1279, on an agreed case. Judg-
ment for plaintiff.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

Townsend Scudder and Isaac P. Coale, for plaintiff.
William J. Youngs, for defendant.

HATCH, J.    The question presented by this submission is one of
power.    Authority in the board of supervisors of Queens county to
pass the resolution authorizing an issue of bonds for the construction
and improvement of the Brooklyn and Jamaica road, and other roads
in said county, has heretofore been upheld in this court.    Ghiglione v.
Marsh, 23 App. Div. 61, 48 N. Y. Supp. 604; Weil v. Bermel, 23 App.
Div. 624, 48 N. Y. Supp. 1118.    The authority of such board to adopt
a resolution authorizing the appropriation of a balance unused, the
proceeds of bonds sold to create a fund for such improvement, after the
improvements were made, to the construction and improvement of
other roads in the county where the appropriation was insufficient for
the purpose, was upheld as a valid exercise of power.    Board v. Phipps,
28 App. Div. 521, 51 N. Y. Supp. 203.    The present question arises
upon a somewhat different state of facts, but, as we view it, involves
the exercise of no other or different power than was supported in the
case last cited.    In November, 1897, the board of supervisors of the
county of Queens adopted a resolution authorizing the issue of bonds
of the county to the amount of $120,000, to pay for the cost of con-
struction of a jail house in said county.    Such bonds were issued and
sold, and the construction of said jail house has been proceeded with.
The cost of this improvement will exceed the sum of the proceeds of
said bonds in about the amount of $60,000.    It is not contended but
that the board of supervisors had authority to erect the jail, and to
issue the bonds of the county in payment for its construction, at the
time when the resolution authorizing its construction was adopted.
Such authority having been devolved upon the board by the legislature,
no question can arise as to the validity of its exercise.    People v. Board
of Sup'rs, 112 N. Y. 585, 20 N. E. 549; People v. McIntyre, 154 N. Y.
628, 49 N. E. 70.    On the 20th day of September, 1898, the said board
of supervisors adopted a resolution appropriating the balance, amount-
ing to $16,669.14, of the said fund for the improvement of the Brooklyn
and Jamaica road, still remaining to the credit of the town of Jamaica,

to the payment of the amount due the contractor engaged in the construction of said jail. The question therefore presented in this submission raises the question of power in the board of supervisors to appropriate this sum for this purpose. It is not disputed—at least it could not be successfully—but that the cost of the erection of the jail is a liability against the county of Queens for the excess of the proceeds of the bonds issued to pay for its construction. The question therefore seems to resolve itself into this inquiry: Can the board of supervisors authorize the appropriation of money belonging to the county for the payment of its debt? We see no reason for denying to the board of supervisors such power.

In Board v. Phipps, supra, this court, through Mr. Justice Cullen, said:

"The authority for the original issue of these bonds is not challenged. The bonds issued are the obligations of the county at large, and any money received from the issue of such obligations became the property of the county. This being so, the board of supervisors, unless restrained by statute, had the power to apply the money to the satisfaction of any county charge, or to any county work which it was authorized to undertake."

As we have already seen, the board of supervisors had power to authorize the construction of the jail, and incur an indebtedness therefor. In the incurring of such indebtedness, it is not claimed that it was limited in amount to the proceeds of the sale of the bonds issued for the cost of its construction. Its cost might be limited to that sum, or less, or more; but the indebtedness incurred, whether represented by the bonds, or whether it be general in character, became an indebtedness of the county. The fund which is the subject of this controversy was the money of the county. The purpose for which the fund, of which this is a part, was created, had been fully accomplished. The improvement was made, and no more money was necessary for that purpose. Consequently, the money was the money of the county; and as the purpose for which it had been raised had been accomplished, and the balance left, the rule which finds application to special funds and particular objects, and forbids appropriation for any other purpose, either expressly or by implication, has no application, as in the present case it could not be applied to the purpose for which it was created, as that purpose was accomplished. This, as it appears to us, leaves the bare question, untrammeled by other considerations, as to whether money, the property of the county and in its hands, can be used for the payment of its obligations created in accordance with law. We think the question must be answered in the affirmative.

It is suggested that as the bonds which produce the fund, both as to principal and interest, are a charge upon the town of Jamaica, therefore it is inequitable to appropriate such money for the payment of obligations charged upon the entire property of the county. We regard this suggestion as outside the present controversy, as the question presented is one of power, and not an adjustment of equities between the towns composing the county. It may be that the town of Jamaica will have an equitable claim to be credited for the amount thus appropriated when the taxes are spread to pay the remaining cost of

this building, or for other county charges; and it may be that such town will have the legal right to insist upon such credit, as otherwise an assessment for county obligations would be unequal. This question, however, may be disposed of when it is presented. It may be safely left to adjustment by the proper authorities, who will undoubtedly recognize such equity as it clearly exists.

By chapter 641 of the Laws of 1898, section 59a of the highway law was amended so as to authorize the board of supervisors of the county, in their discretion, to apply the balance of said fund, or any part thereof, to the construction and improvement of other roads in the county road system, or to their maintenance, or to the payment of interest or principal, or both, of said bonds. It is suggested, in view of this amendment, that said fund cannot be appropriated to any other purpose than such as is mentioned in the act. We do not think that this claim can be sustained. The exercise of the power vested in the board of supervisors rests in their discretion. They may, or they may not, appropriate for these purposes. No command is laid upon them so to do. There are no words of limitation contained in the amendment, and the board was left with the same power which it possessed prior to its passage. Such is the necessary effect of our former decision in Board v. Phipps, supra, so that the board is left to appropriate this money for any proper county purpose which it might have done prior to this amendment.

It is further suggested that as chapter 378, Laws 1897 (section 1588), known as the "Greater New York Charter," prohibited the board of supervisors from issuing any bond, obligation, or other evidence of indebtedness which should be binding upon the property or inhabitants of that part of the county included within the city of New York as constituted by the act, therefore it cannot appropriate this money in payment of the cost of construction of the jail. There is nothing in this act which prohibits the county from paying its debts. The resolution which is attacked does not assume to create any indebtedness of any character, either bonded or otherwise, upon any property contained in the present limits of the Greater New York, or outside of it. It simply seeks to use the money which is its property, and on hand, in discharge of an indebtedness which is a proper county charge. The fact that bonds were originally issued to pay for the construction of the jail, prior to the passage of the Greater New York charter, can in no wise affect this question. As the debt exists, we see no reason why the county, through its constituted authority, may not apply its own money in discharge of its debt.

Judgment is therefore awarded for the plaintiff, under the submission, without costs. All concur.