(86 Misc. Rep. 503)

### RICE v. GLENS FALLS PUB. CO. et al.

(Supreme Court, Trial Term, Warren County. July, 1914.)

1. COUNTIES (§ 153½*)—APPROPRIATION—LEGALITY—CENTENNIAL CELEBRA-
TION.

Since a county board of supervisors cannot appropriate funds for a purpose not authorized by statute, an appropriation of money in aid of the centennial celebration in the county of Warren was illegal, though made without wrong intent.

[Ed. Note.—For other cases, see Counties, Cent. Dig. §§ 221, 222; Dec. Dig. § 153½.*]

2. COUNTIES (§ 196*)—ILLEGAL APPROPRIATION—TAXPAYERS' SUIT—RECOVERY.

Where a county treasurer places in an account a sum illegally appropriated by the county board of supervisors for a centennial celebration, and thereafter places in the same account certain collections which, not being county money, could be legally expended for the celebration, and where, in a taxpayer's suit to recover a sum paid from such account to a publishing company, there is no way of determining whether any particular part of the payment was from the legal or illegal part of the account, the judgment should be for such proportionate part of the amount sued for as the illegal part of the account bears to the whole account.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

3. COUNTIES (§ 196*)—ILLEGAL APPROPRIATION—PERSONS LIABLE.

General Municipal Law (Consol. Laws, c. 24) § 51, providing that a taxpayer's action to recover county funds may be brought against officers, agents. commissioners, and other persons acting for the municipality and against a person who has been paid an illegal claim with county funds and retains same, did not authorize a taxpayer's action against members of the centennial committee to recover county money illegally appropriated and expended for a centennial celebration, where they were not agents or commissioners or persons acting for the county, though two of them, acting as a subcommittee of the celebration committee, made an agreement with a publishing company, pursuant to which a portion of the money was expended.

[Ed. Note.—For other cases, see Counties, Cent. Dig. § 308; Dec. Dig. § 196.*]

Action by William H. Rice against the Glens Falls Publishing Company and others. Judgment for plaintiff.

J. Edward Singleton, of Glens Falls, for plaintiff.
Edward M. Angell, of Glens Falls, for defendant Furness.
Howard J. Bush, of Glens Falls, pro se.
Frank D. Morehouse, of Glens Falls, for defendant Sprague.
James McPhillips, of Glens Falls, for defendant Colvin.
Loyal L. Davis, of Glens Falls, for defendant Worden and others.
C. E. Fitzgerald, of Glens Falls, for defendant Glens Falls Pub. Co.

VAN KIRK, J. There is no substantial dispute in the evidence on any issue decisive of the case. There are but two questions here necessary for a decision: (1) Was the $660 the property or money of Warren county when paid over to the defendant publishing company? If so, (2) are the defendants or any of them proper parties under section 51 of the General Municipal Law?

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] 1. The defendants urge strongly that the validity of the original appropriation is not in issue. It is true there are in the complaint no charges of illegal appropriation or use of funds, except in connection with the said $660; and there can be no recovery of any other part of the $5,000 appropriated. But the defendants have also urged, and given considerable space in their brief to support it, that the appropriation of $5,000 was a sufficient act to authorize the later use of the funds, including said $660. Each of the authorities cited in support of this proposition is plainly distinguishable from this case. Each case cited is one in which the act of the board of supervisors, in appropriating or using money, was within its jurisdiction, and the funds were used for a purpose authorized by statute. People v. McIntyre, 154 N. Y. 628, 49 N. E. 70; Board of Supervisors v. Phipps, 28 App. Div. 521, 51 N. Y. Supp. 203. The difficulty in this case is that there is no authority under which the board of supervisors could appropriate money in aid of the centennial celebration in the county of Warren. The board of supervisors has no power to audit or allow accounts not legally chargeable to the county, or to appropriate funds for a purpose not authorized by statute. Kingsley v. Bowman, 33 App. Div. 1, 53 N. Y. Supp. 426. Under all of the authorities, the said $5,000 was still the property of the county of Warren at all times, and its appropriation and use for any of the purposes disclosed were illegal.

[2] If said $660 was a part of the said $5,000, it is still the property of Warren county. Following a resolution of the board of supervisors, the county treasurer opened an account, "Centennial Celebration, Warren County," in which was placed the $5,000. Out of this he paid $126.81 directly, and later transferred to the treasurer of the centennial committee $4,873.19. From other sources he received $578.07, which he placed in the same account, making a total of receipts of $5,452.12. He also placed in the same account $585.57, received in payment for illustrations in the centennial souvenir book, and disbursed the same amount for expenses of the same publication. The $779, which later was turned over by Kalbfleisch to the county treasurer, was the balance of this total account. There is no way, of course, to distinguish one dollar from another in such an account. The funds were in a bank, mingled with the bank funds. There is no way, therefore, of identifying a dollar from the $5,000, as distinguished from a dollar from the $578 or the $585. The $585, however, was paid in for a specific purpose and paid out for the same purpose. It cannot well be said that any county money had been used in that transaction. The $578, received from various sources, was put into the account with the moneys received from the county, and with the county money was disbursed for various purposes connected with the celebration. While the burden of proof is upon the plaintiff to show that the said $779 was the money of the county, not other moneys, it is reasonably certain that the money paid to the defendant publishing company was largely the money of the county. It has been held that, where it is reasonably certain that a defendant has caused injury to the plaintiff, it is the duty of the court to arrive at the amount of damage, although its judgment is an estimate and certainty is impossible. Drucker v. Manhattan R. Co., 106 N. Y. 157, 12 N. E. 568, 60 Am. Rep. 437.

In Schriver v. Village of Johnstown, 71 Hun, 232, 24 N. Y. Supp. 1083, the court said:

"It is often the case that damages cannot be estimated with precision, and the basis of accurate calculation is wanting and inadequate. That is notably true in many cases of personal injuries. Such evidence as can be given should be given, and facts naturally tending to elucidate the extent of loss should not be withheld. But when all the proof which, in the nature of the case, is fairly possible has been given, the good sense of a jury must provide the answer, and it is no defense that such judgment involves more or less of estimate and opinion, having very little to guide it." Schriver v. Village of Johnstown, 71 Hun, 232, 24 N. Y. Supp. 1083; O'Donnell v. City of Syracuse, 184 N. Y. 8, 76 N. E. 738, 3 L. R. A. (N. S.) 1053, 112 Am. St. Rep. 558, 6 Ann. Cas. 173.

In Partenheimer v. Van Order, 20 Barb. 479, a trespass case by animals, Judge Mason said:

"It seems to me that this is a sensible rule, and that we should infer that the cattle did equal damage, in the absence of any proof as to how much was done by each."

While it is impossible to trace the actual dollars which belong to the county and impossible to determine with precision what part of the $660 paid to the publishing company came from the county money, I think it is just and proper to determine the part of the $660 which belongs to the county on a percentage basis. The $578 is substantially one-ninth of the whole fund, and the $4,853 is eight-ninths. I therefore hold that eight-ninths of the $660 paid to the publishing company were county funds.

[3] 2. Section 51 of the General Municipal Law contains the following:

"All officers, agents, commissioners and other persons acting, or who have acted, for and on behalf of any county, * * * in this state, and each and every one of them, may be prosecuted, and an action may be maintained against them, * * * to prevent waste or injury to, or to restore and make good, any property, funds or estate of such county," by a taxpayer, etc. (It is not questioned that the plaintiff is within the statute.)

In a later provision of the same section it is provided that in case the waste or injury complained of consists in any board, officer, or agent of the municipality, by collusion or otherwise, paying any illegal claim against the municipality or by such officer or agent retaining or failing to pay over to the proper authorities the property of the municipality, after he shall have ceased to be such officer, the court shall enforce the restitution and recovery thereof of the person receiving or retaining the same. I have some doubt whether the person "retaining" the money, mentioned in the latter part of the section is not the officer who retains funds after ceasing to be an officer, but the section is to be liberally construed for the protection of taxpayers (Queens County Water Co. v. Monroe, 83 App. Div. 105, 82 N. Y. Supp. 610); and I hold that this section provides that such an action as this may be brought against officers, agents, commissioners, and other persons acting for the municipality, and against a person who has been paid an illegal claim with county funds and retains the same. I can find no provision in the section authorizing an action against any other person. In this complaint there is no charge of payment of an illegal claim or of an illegal use of

county funds, excepting in connection with the $660. Therefore only those parties may be held liable in this action who, being officers, agents, commissioners, or other persons acting at the time, or who have acted, for the county, or the persons who have received and retained the funds so illegally paid.

In Matter of Reynolds, 202 N. Y. 430, 440, 96 N. E. 87, 89, Judge Cullen said:

"The Municipal Law authorizes the maintenance of an action to prevent 'any illegal official act on the part of any such officers, agents, commissioners or other persons.' But who are the officers whose illegal acts may be restrained? Only those 'acting or who have acted for or on behalf of' the municipal corporation. The defendants, the city board of elections, doubtless are local officers, but no relation of principal and agent, or of master and servant, exists between them and the city."

Only those persons can be made defendants who come within the description of that section. County of Albany v. Hooker, 204 N. Y. 2, 97 N. E. 403. The defendants Colvin, Furness, Bush, Worden, Hogan, Patterson, and Smith were members of the centennial committee; they were in no sense agents or commissioners of or persons acting for the county; they had no authority to expend its money; they in no legal sense represented it; they have retained none of its funds. If the board of supervisors, or the committee of five appointed by the board, had any part in putting this citizens' committee in position to expend funds furnished by the county for purposes of the celebration, the act of the board or of that committee of five was entirely unauthorized. That Bush and Worden, acting for the printing committee, as subcommittee of the general celebration committee, made an agreement with the defendant publishing company to print and distribute souvenir books does not bring them within the statute or render them liable. This contract was made in September, while the fund was still in the hands of Mr. Kalbfleisch. The bill paid by defendant Sprague was "O. K.'d" by Worden and Bush as members of said printing committee. If Patterson, Hogan, and Smith assumed to act as auditors of the bill, it was not an audit by the board of supervisors, which could not delegate its power to audit claims (People v. Neff, 191 N. Y. 210; 83 N. E. 970), nor was it an act by persons acting for the county. The defendants, excepting Glens Falls Publishing Company and Beecher W. Sprague, as treasurer of Warren county, are not proper defendants, and no cause of action under the statute has been proven against them. The Glens Falls Publishing Company received said money and retained it. Mr. Sprague, the treasurer of Warren county, paid over the funds without authority, though in good faith. People v. Neff, 191 N. Y. 223, 224, 83 N. E. 970.

The authorities cited by the defendants to establish that the validity of the original appropriation of $5,000 by the board of supervisors is not in issue I think have no bearing upon the case. The difficulty with the case at bar is that the board of supervisors is a body of limited powers and jurisdiction; it has only such powers as are conferred upon it by statute (Kingsley v. Bowman, 33 App. Div. 2, 6, 53 N. Y. Supp. 426); and the appropriation of said $5,000 was not within its jurisdiction. The appropriation of the money was not a matter left to the de-

termination of the board of supervisors, in which they erred in judgment upon the facts. These facts distinguish the cases cited from the case at bar.

It is the duty of the court to decide this case upon the law as it exists and without any further consideration. Whether or not the centennial celebration was a laudable and worthy undertaking cannot be a basis for decision. The resolution of the board of supervisors, announcing the undertaking, must have been a matter of public knowledge, and it was passed a considerable time before any of these moneys were expended. The celebration itself was a credit to the county, and undoubtedly did much to inform many people of the matters of historical interest and the natural beauties of the county and of the successful enterprises in which its people were engaged. There is nothing to indicate that the moneys were appropriated with any wrong intent, nor that any taxpayer in the county was dissatisfied with the undertaking. Had any taxpayer been dissatisfied, said section 51 gave the legal right to restrain the proposed use of the money, and there was plenty of time before the moneys were used to bring such action. The publication and distribution of a souvenir book was contemplated at the beginning, as is shown by a prospectus issued; and the evidence does not disclose that the acts which accomplished the printing and distribution of these souvenir books were tainted with collusion or fraud or intent to wrongfully use the funds of the county. Such use of the funds, however, was illegal, and they should be restored to the county and its taxpayers.

The plaintiff is entitled to judgment against the defendants Glens Falls Publishing Company and Beecher W. Sprague, as treasurer of Warren county, for the sum of $586.66. A decision may be prepared accordingly; and, if the form of decision is not agreed upon, it may be settled before me on two days' notice, at which time I will hear the parties as to the costs.

Judgment accordingly.