Hon. John M. Sipos County Attorney, Seneca County
This is in reply to your letter of May 16, 1979 in which you seek this office's opinion as to the legality of a county passing a resolution prohibiting large gatherings and our further opinion as to the validity of a 1971 Seneca County resolution which provides as follows:
 "WHEREAS, sanitary facilities would be inadequate and the drug problems might be increased by large gatherings, such as Rock Festivals, in Seneca County. Be it hereby resolved that Rock Festivals and similar gatherings be and are hereby prohibited in Seneca County."
In order to be responsive to the foregoing, it is necessary to discuss some of the concepts inherent in the police power.
Municipal corporations ordinarily are empowered by charter or statute, after enumeration of their specific powers, to do any act, exercise any power and render any service which contributes to their general welfare, good government, good order, or the like. This is usually called a general welfare or general grant of power clause. Under it ordinances may be passed which are necessary and beneficial, and they will be adjudged valid by the courts, provided they are reasonable and consonant with the general powers and purposes of the local corporation, and not inconsistent with the United States Constitution, treaties, and statutes, and the laws and policy of the State.
The exercise of power conferred by a general welfare or general grant of power clause must be exercised by a municipal corporation through an ordinance or other form of legislative enactment. In some municipal corporations the field in which they can exercise their police power is more limited than it is in others due to the varying degree in which state laws pertain to, and govern exclusively, matters that come under the police power. Even where the state legislature has not spoken, some matters, inherently in need of uniform treatment, are not a proper subject for individual municipal legislation.
A distinguishing characteristic of the police power is that it is a reasonable preference of public over private interests. The lawful exercise of the police power necessarily interferes in some respects with the liberty of the citizen, such as his right to move about as he pleases, or his right to follow in his own way any lawful occupation, or his right to use of his property. This interference is justified solely on the ground and only to the extent that it is required in order to protect the person and property rights of others, and advances the best interests of society. Indeed, all businesses and occupations and all movements and activities of the citizen may be subject to the reasonable exercise of the police power. Obviously individual freedom at times, must yield to the enforcement of just regulations for the public good. Appropriate and reasonable legislation or regulation is sanctioned, where it has for its object the promotion of the public safety, health, convenience and general welfare or the prevention of fraud or immorality. However, an ordinance regulating an amusement whose activity consists primarily in the communication of constitutionally protected expression will be closely scrutinized. Furthermore, where an individual type of amusement is part of a legislative classification, the courts will impose a heavy burden on the municipality to show that such classification is reasonable and in furtherance of a compelling public interest. (United States. Erznoznik v Jacksonville, 422 U.S. 205,45 L Ed 2d 125, 95 S Ct 2268; Police Dept. of Chicago v Mosley, 408 U.S. 92,33 L Ed 2d 212, 92 S Ct 2286. Georgia. Coleman v Bradford, 238 Ga. 505,233 S.E.2d 764.)
The decision to grant or deny a license is not left to the absolute discretion of a public official. Licensing ordinances must set forth definitive, objective guidelines for the issuance of licenses. Alexanderv St. Paul, 303 Minn. 201, 227 N.W.2d 370.
Ordinances limiting amusements, exhibitions, athletic events, recreations and the use of resorts must be reasonable. Such ordinances may make reasonable classifications of persons, places, and the regulated matter, but any unreasonable and discriminatory classification voids the ordinance. Such an ordinance cannot rest merely on the Legislature's power or the granting of unrestricted discretion in its enforcement either by administrative officials or by the municipal legislative body itself. (See McQuillin on Municipal Corporations, §§ 24, 15.)
In view of the foregoing it is the opinion of this office that the 1971 Seneca County resolution is unenforceable both in its form and substance. A county resolution merely prohibiting large gatherings would also be unenforceable.
However, it is apparent that a municipality can enact an ordinance for the maintenance of peace and order, and the preservation of health of the inhabitants of the community. Seneca County may be in the position to enact an ordinance particularly in the areas of public health and sanitation, and county owned or county leased property. (See sections 215 and 233-a, County Law.) It is recommended that your county charter and county health codes and districts be reviewed for both direct and implied jurisdiction (People ex rel Wakely v McIntyre, 154 N.Y. 628).
In the event the desired legislative intent cannot be realized, due to the county's jurisdiction being too limited, it is further recommended that appropriate ordinances and agreements may be attainable pursuant to General Municipal Law, Articles 5-6 relating to municipal cooperation. In conclusion, it must be observed that any successful utilization of the police power by either the County of Seneca or the municipalities contained therein must be nondiscriminatory, within the jurisdictional authority of the municipality concerned, in furtherance of a public necessity, and reasonable in both its regulatory and licensing requirements. It cannot be overly broad and result in destruction of any constitutionally guaranteed right of persons or discriminatory as to the persons or amusement affected.