(41 Misc. Rep. 428.)

### TOWN OF EAST FISHKILL v. TOWN OF WAPPINGER.

(Supreme Court, Trial Term, Dutchess County.   October, 1903.)

1. BRIDGES—LIABILITY OF TOWNS—REPAIRS.
    Laws 1890, p. 1201, c. 568, § 130, making towns jointly liable for the cost of repairing bridges over a stream forming the boundary line, applies when the boundary is along one side of the stream as well as when it runs through the middle thereof.

Action by the town of East Fishkill against the town of Wappinger to recover one-half of the expense of repairing bridges over a boundary stream. Judgment for plaintiff.

The town of Fishkill in Dutchess county was divided in 1849 by an act of the board of supervisors, the new town of East Fishkill (the plaintiff) being created thereby. The line of division was east along Fishkill creek to its junction with Sprout creek, "then up and along the west bank of said Sprout creek to," etc. The territory to the east of this line was constituted as the new town. Chapter 411, p. 701, Laws 1852. By still another division of the town of Fishkill (chapter 400, p. 476, Laws 1875) this territory along the west side of Sprout creek became of the town of Wappinger (the defendant).

Charles A. Hopkins, for plaintiff.
George Wood and C. Morschauser, for defendant.

GAYNOR, J. If the words, "thence up and along the west bank of said Sprout creek," established the line along the west bank instead of along the middle of Sprout creek, which is doubtful (Gouverneur v. National Ice Co., 134 N. Y. 355, 31 N. E. 865, 18 L. R. A. 695, 30 Am. St. Rep. 669), the creek lies wholly within the town of East Fishkill, the plaintiff. But even so, I think both towns are jointly liable for the repair of the bridges over it. The statute is that in case of bridges "over streams or other waters forming the boundary

line of towns," such joint liability exists. Highway Law, § 130, chapter 568, p. 1201, Laws 1890. Though the line be along the west bank, it is formed by the creek as much as though it were along the middle. Whether the line touches and follows the water only along its edge, or is in the stream a foot, or to the middle, does not make a different case. The statute has to be interpreted liberally, for its intention is to make two towns share equally the expense of bridges which abut on each town for the use of both towns, and that is necessarily the case whether the town line be at the bank or in the middle.

Judgment for the plaintiff.