(97 App. Div. 7.)

## TOWN OF EAST FISHKILL v. TOWN OF WAPPINGER.

(Supreme Court, Appellate Division, Second Department.   July 28, 1904.)

1. TOWNS—BOUNDARIES—INLAND STREAMS—BRIDGES.

    One of the boundary lines between two towns was described: "Thence north * * * to the north bank of the Fishkill Creek; thence east along said creek until its junction with Sprout Creek; 'thence up and along' the west bank of said Sprout .Creek to the line dividing the said Town of Fishkill and the Town of La Grange;" and it was provided that all that part of the town of Fishkill lying east of the said division line should constitute a new town, to be known as "East Fishkill," and again, on the forming of another town, the west bank of Sprout Creek was preserved as the division line between the two, the description being: "All that part of the town of Fishkill [within certain designated boundaries], and running from thence in a straight line due east, to the westerly bank of Sprout Creek, is hereby erected into a separate and new town." *Held*, that the boundary line between the two towns was not the center line of the stream, which, however, was on the boundary of the two towns, within Laws 1890, p. 1201, c. 568, § 130, as amended, providing for the division of the cost of bridges across streams between two towns.

2. SAME—STATUTES—TOWN BRIDGES—COST—DIVISION.

    The highway law (Laws 1890, p. 1201, c. 568, § 130, as amended) provides that the towns of the state, except as otherwise provided, shall be liable to pay the expenses for the construction and repair of its public free bridges constructed over streams or other waters within their bounds, and their just and equitable share of such expenses, when so constructed over streams upon their boundaries, and, when such bridges are constructed over streams or' other waters forming a boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses.   *Held*, that where a stream between two towns did not form the boundary line between them, but might properly be said to be upon the boundary in such a manner that the construction of bridges would involve the soil or territory of both towns, the towns were not liable, by force of the statute alone, to share equally the expense of constructing such bridges, though they might be equitably liable so to do.

Appeal from Special Term, Dutchess County.

Action by the town of East Fishkill against the town of Wappinger. From a judgment in favor of plaintiff after a trial before the court without a jury, defendant appeals.   Reversed.

See 84 N. Y. Supp. 1067.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

George Wood and C. Morschauser, for appellant.

Charles A. Hopkins and C. M. Smalley, for respondent.

HIRSCHBERG, P. J. The judgment herein determines that the parties to the action, viz., the town of East Fishkill and the town of Wappinger, both in Dutchess county, are "jointly liable to build, rebuild, maintain, repair, and to keep in repair" all bridges built over Sprout creek and abutting on each town, and that "said towns are jointly liable to pay the expenses therefor equally." This determination is based upon a finding, as conclusion of law, "that Sprout creek is the boundary line between the town of East Fishkill, plaintiff, and the town of Wappinger, defendant, whether the line touches and follows the water along its edge, or along its west bank, or in the middle of the stream."

The two towns referred to and the present town of Fishkill were originally one town, known as the "Town of Fishkill." In the year 1849 the board of supervisors of Dutchess county divided that town by creating the town of East Fishkill from a part of it, and the division line, so far as is material to this controversy, was run as follows:

"Thence north * * * to the north bank of the Fishkill Creek; thence east along said creek until its junction with the Sprout Creek; thence up and along the west bank of said Sprout Creek to the line dividing the said Town of Fishkill and the Town of LaGrange. All that part of the said Town of Fishkill lying east of said division line shall be constituted a new town and known by the name of East Fishkill."

In the year 1875 the supervisors formed the town of Wappinger from the then town of Fishkill, preserving the west bank of Sprout creek as the division line between such new town and the town of East Fishkill; the description providing, so far as is material to this controversy, that:

"All that part of the Town of Fishkill [within certain designated boundaries], and running from thence in a straight line due east, to the westerly bank of Sprout Creek, is hereby erected into a separate and new town, to be hereafter known and distinguished by the name of 'Wappinger.'"

It is clear from the courses and descriptions which have been cited that the stream known as "Sprout Creek" is wholly within the territory of East Fishkill; and, as the boundary line between that town and the town of Wappinger is the west bank of that stream, the stream itself may properly be said to be upon the boundary of the town of East Fishkill, although not constituting the boundary line betwen the two towns as a stream. The provisions of the highway law (chapter 568, p. 1201, Laws 1890, as amended) in reference to the expenses for the construction and repair of bridges are contained in section 130. That section provides that:

"The towns of this state, except as otherwise herein provided, shall be liable to pay the expenses for the construction and repair of its public free bridges, constructed over streams or other waters within their bounds, and their just and equitable share of such expenses when so constructed over streams or other waters upon their boundaries, * * * and when such bridges are constructed over streams or other waters forming the boundary line of towns, either in the same or adjoining counties, such towns shall be jointly liable to pay such expenses."

It is obvious that the statute recognizes three classes of streams—one which forms a boundary line, in which case the bridges would be equally upon the soil of the adjoining towns, and the expense is accordingly

made equal; one in which the stream is within the bounds of a single town, as distinguished from upon its boundary, in which case the entire expense is to be borne by such town; and one in which the stream, although not forming the boundary line, is still upon the boundaries of two towns in such manner that the construction of bridges would involve the soil or territory of both towns to some extent, in which case the expense is to be divided upon just and equitable principles applied to the specific facts of the case. I think this case is within the last class. None of the bridges across Sprout creek has or could have been constructed without placing a portion of the abutments and approaches in the town of Wappinger, and it may be that that town is justly and equitably liable to share equally in the expense, but it cannot be said to be so liable by force of the statute alone. As the case was tried and decided upon the theory that the defendant was liable, under the statute, to pay one-half of the expenses of construction and repair, or nothing, a new trial will be necessary.

The learned justice at Special Term was of the opinion that it was doubtful whether the words "thence up and along the west bank of said Sprout Creek" established the line upon that bank; citing the case of Gouverneur v. N. I. Co., 134 N. Y. 355, 31 N. E. 865, 18 L. R. A. 695, 30 Am. St. Rep. 669. That case, however, only decided that in the absence of restrictions in express words, or other facts indicating a contrary intent, a grant of lands bounded upon a small inland pond would be presumed to convey to the center. The same rule applies to fresh-water streams where the boundary is described as on or along such waters. But the rule is otherwise where the boundary is expressly made the bank of a stream. Starr v. Child, 5 Denio, 599; Halsey v. McCormick, 13 N. Y. 296. The distinction was recognized in the Gouverneur Case, supra; the court saying (page 365, 134 N. Y., page 869, 31 N. E., 18 L. R. A. 695, 30 Am. St. Rep. 669):

"A boundary line described as 'along the shore' of a fresh-water stream does not extend the grant to its center. Child v. Starr, 4 Hill, 369. And a like construction is applicable to a boundary by the bank of such a stream. Starr v. Child, 5 Denio, 599; Halsey v. McCormick, 13 N. Y. 296. In those cases the prescribed limitation of the boundary lines to the shore and bank did not permit the extension of the grant by construction to the thread of the streams. And the same may be said of People v. Jones, 112 N. Y. 597, 20 N. E. 577."

The judgment should be reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.